D. B. CRUME, ET AL., *v.* SPALDING, CAROTHERS & CO.

[Abstract Kentucky Law Reporter, Vol. 6—295.]

**Pleading.**

A pleading which is uncertain or ambiguous will be taken most strongly against the pleader.

**Rights of a Surety.**

When a surety is made a party to a proceeding it is his duty to set up his claim and where he fails to assert his complete right it is his own fault and he will be held bound by the judgment.

APPEAL FROM NELSON CIRCUIT COURT.

September 30, 1884.

OPINION BY JUDGE HOLT:

The appellant, D. B. Crume, became surety for the appellant, Joseph W. Crume, on a note to one Linthicum, and to secure its payment and the surety in his liability, said Joseph W. Crume executed to Linthicum and D. B. Crume a mortgage on a tract of land.

The appellees, Spalding, Carothers & Co., obtained a judgment at law against Joseph W. Crume upon which execution issued on September 30, 1875; and it having been levied on said mortgaged land, and not made, a ven. ex. was then issued, and under it the land was sold on January 10, 1876, but subject to the mortgage debt, and purchased by the administrator of Linthicum at a sum equal to both debts, said personal representative in the meantime having obtained a judgment upon the mortgage debt against the two Crumes, and an execution on it was in the sheriff's hands at the time of said sale.

The purchaser failed to give bond, and said sale and the return of the officer as to it were quashed, but the levy left in force.

The Linthicum execution was levied upon the mortgaged land on October 14, 1876, and at the sale under it on February 12, 1877, his administrator purchased it at the amount of the mortgage debt. The surety in it, D. B. Crume, by payments made both before and after this sale, paid off all of it, save what the principal, Joseph W. Crume, had previously paid, the administrator of Linthicum verbally agreeing with D. B. Crume, that the latter was to have the benefit of the said purchase of the land by the personal representative.

The appellees, Spalding, Carothers & Company, by suit compelled the sheriff, the appellant, James Coy, to pay their debt; and after all this had occurred, and under this state of case he, uniting said firm with him as co-plaintiffs, brought this action in equity on July 19, 1881, against the Crumes and McKay, the administrator of Linthicum, seeking a decree to sell the land to pay his debt.

The defendants filed separate answers; that of McKay presenting no defense, and alleging that by agreement with D. B. Crume the latter was to have the benefit of the purchase of the land under the Linthicum execution.

The answer of D. B. Crume when considered in its entirety claims nothing but a prior lien on the land for what he had paid, while that of Joseph W. Crume relies in bar of the suit upon the fact that when it was brought the appellees had an execution levied upon the land in contest.

The judgment now in question ordered a sale of the land to pay first, the debt of D. B. Crume, and then that of the appellee, Coy.

The appellant, D. B. Crume, having appeared and asserted his claim, it was his duty to do so properly. His answer set forth in detail the various sums he had paid and the dates of each payment, the last one being dated on May 29, 1879, and immediately following this statement he says: "amounting to $2,111.65 which paid the entire debt due Linthicum's estate; and this respondent having paid the same as surety of his co-defendant, Joseph W. Crume, he is entitled to the lien given him in the mortgage executed by Joe W. Crume to him on the 18th day of May, 1869. This lien respondent will enforce when and how it suits him. Having fully answered all

of plaintiff's petition he is advised it is incumbent on him to answer he prays to be dismissed with costs."

It is difficult to understand whether it was intended to assert each payment with interest from the date of payment or the total sum of $2,111.65 as of the date of the last payment, certainly the statement was liable to mislead, and should be taken most strongly against the pleader. He alleges that the total sum coming to him is $2,111.65, and this entire sum was not due him until May 29, 1879.

He asks no relief save a judgment for his costs; has no cross-petition against his co-defendant and who is his debtor, and says, that he will enforce his lien when and as it suits him. It looks as if delay was the object.

Under this state of pleading is he in a proper attitude to complain that the court below allowed him said sum of $2,111.65 with interest from May 29, 1879, instead of allowing him the amount of each payment with interest thereon from the date of payment? We think not.

While his claim is in the nature of an account only, yet he would have been entitled to the amount of each payment with interest thereon from the date of payment, had he asserted or even clearly stated his claim.

The plea in bar is not well founded. It is true that the appellees could have enforced their levy but an execution sale, subject to the prior lien of D. B. Crume, but only a lien upon the property would then have been obtained, and a resort to a Court of Equity would finally have been necessary; moreover, in this instance there were conflicting claims, the extent of which, if not their character, were unknown.

The appellees, however, alleged in their petition that "the defendant, D. B. Crume, is pretending to be the owner of said land, and is asserting some pretended title and claim thereto. He is called on to answer and set up same herein, so that his rights, if any, may be adjudicated."

Under such a state of case the complaint of the debtor that he should not be put to the costs of a suit in equity to settle the conflicting claims, can not be heard as such a course is more likely to result in a benefit to him than the creditor by causing his property to bring a fair price.

An enforcement of the common-law remedy, to-wit: of the levy

under execution, under such circumstances, would often tend to a sacrifice of property; and it is one of the ends of equity to aid the law in such a case, and more reason exists for the chancellor settling the rights of the parties, claimants and creditors, before a sale than after, especially when, as in this instance, the purchaser would only acquire a lien.

The judgment of the court below is *affirmed.*

Judge Lewis dissenting.

*J. C. Wickliffe, for appellants.*

*Muir & Wickliffee, for appellees.*